■ DANFORTH LUMBER Co., INC., Respondent, v. FRANK F. O'BRIEN, Appellant. DANFORTH LUMBER Co., INC., Respondent, v. FRANK F. O'BRIEN, Appellant. DANFORTH LUMBER Co., INC., Respondent, v. FRANK F. O'BRIEN, Appellant, et al., Defendants.— Order insofar as appealed from unanimously reversed, with costs, and motion to strike the actions from the calendar granted. Memorandum: Defendant was entitled to a reasonable opportunity to complete the necessary and proper proceedings essential to prepare the cases for trial as contemplated by the special rule of this court respecting calendar practice. Defendant's motion was timely. (Appeal from certain parts of an order of Onondaga Trial Term denying a motion to strike from calendar and for examination before trial.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ GIULIA G. DI BARTOLO, Respondent, v. GUISEPPE E. DI BARTOLO, Also Known as JOSEPH E. DI BARTOLO, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and matter remitted to Monroe Special Term for a hearing in accordance with the Memorandum. Memorandum: The record discloses questions of fact which should be resolved upon a hearing. (Appeal from order of Monroe Special Term denying defendant's motion to amend judgment of separation and granting plaintiff's motion for judgment.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELTON KENNETH BAST, Appellant.— Determination of this appeal withheld and case remitted to Jefferson County Court for a hearing and determination of the voluntariness of the defendant's confession in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). (Appeal from judgment of Jefferson County Court convicting defendant of criminal negligence and driving while intoxicated.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ SOL ORTENBERG et al., Appellants, v. JAMES MEGUCKYN et al., Respondents.— Order unanimously reversed, with costs, and motion denied. Memorandum: The inadequacy of the moving papers requires the reversal of the order. (Appeal from an order of Erie Special Term granting defendants' motion changing venue of the action from Erie County to Kings County.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.